Dear Mr. Caluda:
On behalf of the Board of Commissioners of the Lake Borgne Levee District you have requested an opinion of this office concerning a right-of-way needed for the purpose of installing electrical service to the Caernarvon Pumping Station No. 8. In connection with this request, you have furnished a copy of the Caernarvon to Verret Back Protection Levee Right-of-Way Map prepared by the Louisiana Department of Public Works in October 1966; and the construction map provided by Entergy Louisiana, Inc. indicating the right-of-way it needs to supply the electrical service to Pumping Station No. 8.
Our examination of both of the above described maps indicates that the location of the proposed right-of-way of approximately 10 feet by 6000 feet lies entirely outside the area supposedly appropriated by the Levee District in 1966. However, even if the area for the proposed right-of-way is in fact within the area that was supposedly appropriated in 1966, it is our opinion that the Levee District must nevertheless still obtain a right-of-way from the private property owners by either purchase or expropriation pursuant to La. R.S. 38:351. Private property appropriated for levee purposes under La. C.C. Art. 665 may be used again without further compensation only if the additional use is for levee purposes. Since the proposed right-of-way will be used for utility purposes and not levee purposes, a private land owner would be entitled to compensation without regard to any compensation received from a prior appropriation. Gravoletvs. Board of Commissioners for the Grand Prairie Levee District,598 So.2d 1231 (La.App. 4th Cir. 1992).
We hope this opinion will be of assistance to the Levee District.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT H. CARPENTER. Assistant Attorney General
RPI/RHC/tp